UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-09692-JLS (SK) | Date | May 16, 2019 |
|---|---|---|---|
| Title | Calvin Newburn v. Los Angeles County Board of Supervisors, et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Cheryl Wynn | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: INEFFECTIVE SERVICE**

In December 2018, the Court authorized Plaintiff to serve his Complaint on Defendants Los Angeles County Board of Supervisors, Supervisors Hilda Solis, Sheila Kuehl, Janice Hahn, and Kathy Barger, Los Angeles County Sheriff's Department, Sheriff James McDonnell, Deputies J. Medina and P. Velasco, and Does 1-7. (ECF 7). Plaintiff was advised that the Summons and Complaint must be served on Defendants within 90 days of the date of the Order under Federal Rule of Civil Procedure 4(m), and he was ordered to file proof of service within 15 days of the date of service. (*Id*.). Plaintiff was also advised that failure to serve Defendants within 90 days may lead to the dismissal of the action in whole or against unserved Defendants for failure to prosecute, unless Plaintiff could show good cause for extending the 90-day deadline for service. (*Id*.).

Here, the period for serving the Complaint expired on March 21, 2019. (ECF 7). So, on April 23, 2019, the Court ordered Plaintiff to show why the action should not be dismissed for failure to prosecute and failure to effectuate service of process. (ECF 12). On May 14, 2019, Plaintiff filed a form proof of service by mail for Defendants Los Angeles County Board of Supervisors and Los Angeles County Sheriff's Department. (ECF 13). Yet service remains ineffective for two reasons.

First, for Defendants Los Angeles County Board of Supervisors and Los Angeles County Sheriff's Department, Plaintiff's proof of service shows that he improperly mailed the summons and complaint himself, rather than through a non-party. (*Id*.). While Plaintiff may serve entity defendants by mail, it may not be done by a party to the action. *See* Fed. R. Civ. P. 4(j)(2) (local entity may be served in manner prescribed by state law); Cal. Civ. Proc. Code §§ 414.10, 414.30 (summons may be served by mail, but not by a party to the action). Second, for individual Defendants Supervisors Hilda Solis, Sheila Kuehl, Janice Hahn, and Kathy Barger, and Los Angeles County Sheriff James McDonnell and Deputies J. Medina and P. Velasco, Plaintiff has still shown no proof that they were served with the summons and complaint. For these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09692-JLS (SK) | Date | May 16, 2019 |
|---|---|---|---|
| Title | Calvin Newburn v. Los Angeles County Board of Supervisors, et al. | | |

individual defendants, service must be done in person by a non-party. *See* Fed. R. Civ. P. 4(c), (e) (individual must be served by non-party in person, by copy at individual's dwelling at usual place of abode, delivery to agent authorized to receive service process, or under state law). If done by mail, service must be through a non-party. *See* Cal Civ. Proc. Code §§ 414.10-414.30 (individual may be served by non-party by personal delivery, mail, or at usual place of abode).

Therefore, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **June 24, 2019**, why this action should not be dismissed for failure to prosecute and failure to effectuate service of process. Plaintiff may discharge this order by filing executed and sworn proofs of service as described herein. **Failure to file a timely response to this order will result in a recommendation that this action be dismissed for failure to prosecute and obey court orders.** *See* Fed. R. Civ. P. 41(b); Local Civil Rule 41-1.

If Plaintiff no longer wishes to pursue this action, Plaintiff may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal." The Clerk is directed to attach a Notice of Dismissal Form (CV-09) to this Order.

Attachment: Form CV-09